USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

UNITED STATES OF AMERICA,                    :
                                             :
           -against-                         :          16-CR-82 (VEC)
                                             :
CHRISTOPHER WHITE,                           :          ORDER
                                             :
                    Defendant.               :
-------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 25, 2020, Mr. White, acting through counsel, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), Dkt. 256;

WHEREAS on October 23, 2020, the Government opposed Defendant's Motion, and provided Mr. White's Bureau of Prisons ("BOP") medical records (under seal) and his disciplinary and education records, Dkt. 266;

WHEREAS on November 2, 2020, Mr. White replied in support of his Motion, Dkt. 267;

WHEREAS Mr. White has exhausted his administrative remedies as required by the statute, 18 U.S.C. § 3582(c)(1)(A), Ex. C, Dkt. 257 at 38; Gov. Response, Dkt. 266 at 2;

WHEREAS Mr. White is currently incarcerated in FCI Berlin, and Defense counsel has represented that he is scheduled to be transferred to the Bronx Community Residential Reentry Center (Geo Care, Inc. RRC) on January 26, 2021, Def. Mem. of Law, Dkt. 257 at 2;

WHEREAS Mr. White's release date is currently June 25, 2021, *id.*;

WHEREAS Mr. White requests to be resentenced to time served or alternatively to be resentenced to home confinement for the remaining period of his incarceration, Def. Reply, Dkt. 267 at 6; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18

U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to

grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing

factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir.

2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8,

2020);

IT IS HEREBY ORDERED that Mr. White's Motion for Compassionate Release is

DENIED.  With respect to Mr. White's remaining incarceration at FCI Berlin, Mr. White has not

demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence.

18 U.S.C. § 3582(c)(1)(A)(i).  The Court acknowledges that the BOP's screening and testing

procedures at FCI Berlin, in which Mr. White is currently incarcerated, appear to be focused on

identifying symptomatic individuals, *see* Def. Mem. of Law, Dkt. 257 at 10–12, despite common

knowledge that COVID-19 can be spread asymptomatically.  Further, there is obviously a greater

risk of contracting COVID-19 if one is living in a congregate setting than if one is living in a

single-family home or apartment.  While BOP could and should have better protocols for routine,

widespread testing of inmates and staff, FCI Berlin seems to be effectively managing the

situation: only 2 staff members are currently positive for COVID-19 and 9 inmates have

recovered from COVID-19 as of the date of this decision.  *See* www.bop.gov/coronavirus/.

None of the other possible reasons identified by the Defendant rises to the level of

"extraordinary and compelling."  The Court acknowledges that Mr. White's family has an

extensive history of medical conditions that are known to exacerbate the seriousness of COVID-

19 upon infection.  *See* Ex. D, Decl. of Stacey-Ann White, Dkt. 257 at 39–42.  But Mr. White

himself is a seemingly healthy 28-year-old, who, as he admits, does not presently suffer from any

condition that is known to exacerbate the seriousness of a COVID-19 infection.  Def. Mem. of

Law, Dkt. 257 at 2, 19.  A predisposition for such conditions, on its own, does not make Mr.

White more likely to suffer from a serious course of infection, were he to contract COVID-19.

Defendant also identifies Mr. White's "successful efforts at rehabilitation over the

majority of his incarceration," as a possible extraordinary and compelling reason justifying a

reduced sentence.  Def. Reply, Dkt. 267 at 1.  But "[r]ehabilitation of the defendant alone shall

not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); *see also*

*Brooker*, 976 F.3d at 237–38.  Though Mr. White's prison disciplinary records call into question

whether Mr. White has truly been successful at rehabilitation, *see* Ex. A, Dkt. 266-1, even if Mr.

White demonstrated rehabilitation, this would not be enough on its own to grant the Motion.

Moreover, at least one of the Section 3553 factors counsels against a reduction of

sentence: the seriousness of the offense.  As noted at Mr. White's sentencing, the Court views

Mr. White's offense as extremely serious.  Sentencing Tr., Dkt. 160 at 13.  Mr. White and his co-

conspirators committed an armed robbery of an armored truck in broad daylight; they were lucky

that no one got hurt.  As described at sentencing, "robbing an armored car driver who is himself

armed," with "a robber that's got a gun is a recipe for people getting hurt, and yet [Mr. White]

knowingly and willfully participated in it."  *Id.*; *see also* Gov. Response, Dkt. 266 at 1.  The

seriousness of Mr. White's offense is undeniable, and a reduction in his sentence to time served

is simply unwarranted.

The Court does recognize that Mr. White may face enhanced risk to COVID-19 at the

Bronx Community Residential Reentry Center (Geo Care, Inc. RRC), where Defense counsel has

represented that Mr. White is set to be transferred on January 26, 2021.  Def. Mem. of Law, Dkt.

257 at 2.  The Court acknowledges that halfway houses are "uniquely positioned to be vectors

for the virus," as residents arrive from different prisons and staff and residents come in and out throughout the day and night.  *Id.* at 13 (citing media reports).  Therefore, the Court would be willing to reconsider a request for compassionate release after he has completed his incarceration at FCI Berlin, to substitute home confinement for his otherwise anticipated stay at the RRC.  *See* Def. Mem. of Law, Dkt. 257 at 23– 24 (describing how Mr. White could stay with either his mother or sisters); Def. Reply, Dkt. 267 at 6 (noting that Mr. White's release plan "facilitate[s] converting" part of his sentence to home confinement).  In addition to standard conditions of supervision, were Mr. White to reapply for compassionate release and the Court were to grant it, the Court would likely order home confinement, subject to GPS location monitoring, and would likely order that he be restricted to his residence at all times except for employment, education, religious services, medical or mental health appointments, attorney visits, court appearances, court ordered obligations, and other activities pre-approved by the Probation office.  Other previously imposed special conditions of supervised release would likely be imposed during the period of home confinement.

The Clerk of Court is respectfully requested to terminate the open motion at 256.

**SO ORDERED.**

Date:  **November 12, 2020**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**