USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,      :
      :
-against-      :      16-CR-82 (VEC)
      :
CHRISTOPHER WHITE,      :      <u>OPINION & ORDER</u>
      :
Defendant.      :

------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 25, 2020, Mr. White, acting through counsel, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), Dkt. 256;

WHEREAS on October 23, 2020, the Government opposed Defendant's Motion, Dkt. 266;

WHEREAS on November 12, 2020, the Court denied Mr. White's Motion, Dkt. 268;

WHEREAS in the Opinion denying his Motion for Compassionate Release, the Court recognized that Mr. White may face enhanced risk to COVID-19 at the Bronx Community Residential Reentry Center (Geo Care, Inc. RRC) and that the Court would be willing to reconsider a request for compassionate release after he has completed his incarceration at FCI Berlin, to substitute home confinement for his otherwise anticipated stay at the RRC, Dkt. 268 at 3–4;

WHEREAS Mr. White is scheduled to be transferred to the RRC on January 26, 2021, Dkt. 278 at 1;

WHEREAS on January 5, 2021, Mr. White filed a motion for reconsideration, requesting that he be released to home confinement as a substitute for his upcoming stay at the RRC, Dkt. 276;

WHEREAS Mr. White proposes completing his period of home confinement at his mother's home in the Bronx, were the Court to grant his renewed motion for compassionate release, Dkt. 276 at 4;

WHEREAS on January 13, 2021, U.S. Probation Officer Zondra Jackson informed the Court that the Probation Office approved of the proposed relocation plan based "on relevant factors of residing in a stable and supportive environment," Dkt. 280;

WHEREAS the Government continues to oppose Mr. White's motion, Dkt. 278; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

IT IS HEREBY ORDERED that Mr. White's motion for reconsideration is GRANTED. The Court continues to acknowledge that "halfway houses are 'uniquely positioned to be vectors for the virus,' as residents arrive from different prisons and staff and residents come in and out throughout the day and night."  Opinion, Dkt. 268 (citing Def. Mem. of Law, Dkt. 257 at 2). This concern is exacerbated by news that at least one new variant of the coronavirus has been identified, which is much more contagious and may "become the dominant source of infection in the United States by March."[1] This time period notably overlaps with Mr. White's anticipated stay at the RRC.  The Court finds that the increased risk of exposure to the virus at the RRC

---

[1]     *See* Apoorva Mandavilli & Roni Caryn Rabin, *C.D.C. Warns the New Virus Variant Could Fuel Huge Spikes in Covid-19 Cases*, N.Y. Times (Jan. 19, 2021), https://www.nytimes.com/2021/01/15/health/covid-cdc-variant.html; *see also* Def. Reply, Dkt. 279 at 2.

constitutes an extraordinary and compelling reason to grant the requested relief. *See Brooker*, 976 F.3d at 236 (noting "district courts' discretion to consider whether any reasons are extraordinary and compelling"); *United States v. Maya Arango*, No. 15-CR-104, 2020 WL 3488909, at *2 (S.D.N.Y. June 26, 2020) (holding that the threat of COVID-19 may constitute an extraordinary and compelling reason supporting compassionate release).

The Court further holds that the Section 3553 factors do not counsel against granting the requested relief at this point.  The Court sentenced Mr. White to 72 months imprisonment on February 3, 2017.  *See* Judgment, Dkt. 139.  Mr. White, who has been incarcerated since his arrest on February 11, 2016, Dkt. 34, has been imprisoned for almost 60 months, representing over 80% of his sentence.  Further, Mr. White will serve the same amount of time that he would have served at the halfway house under home confinement.  While this will affect a very modest reduction of his sentence, it is not inconsistent with the Court's evaluation of the 3553 factors. This sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a).  Additionally, the Court finds that any risk posed to the public from further crimes is the same whether Mr. White serves the next five months at a halfway house or under home confinement.  In both scenarios, Mr. White would be allowed to enter the community for employment, medical appointments, and other pre-approved activities.  Unlike at the halfway house, under home confinement, Mr. White will be subject to GPS location monitoring, which acts as an additional method of protection for the public from any potential danger.  *See* Def. Reply, Dkt. 279 at 3.

Based on these findings, the Court hereby reduces Mr. White's sentence to time served plus one day (to correspond to his scheduled release to the RRC on January 26, 2021), and adds as a special condition of supervised release that he spend the first five (5) months in home

confinement to take place at his mother's home in the Bronx.  With respect to his home

confinement, the Court orders that he be subject to GPS location monitoring and that he be

restricted to his mother's residence at all times except for employment, education, religious

services, medical or mental health appointments, attorney visits, court appearances, court ordered

obligations, and other activities pre-approved by the Probation Office.  All other conditions of

supervised release announced at the time of sentence remain in place.  Defendant must contact

the Probation Office not later than 4:30 p.m. on January 26, 2021, to make arrangements to be

fitted with a GPS device.


**SO ORDERED.**

**Date:   January 22, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**